**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000060
29-MAY-2024
09:26 AM
Dkt. 110 SO**

NO. CAAP-20-0000060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LESLIE L.C. TRUGLIO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC170001522)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Leslie L.C. Truglio (**Truglio**) appeals from the February 6, 2020 Second Amended Judgment of Conviction and Probation Sentence (**Second Amended Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).[1] Truglio also challenges the Circuit Court's November 16, 2018 Findings of Fact [(**FOFs**)]; Conclusions of Law [(**COLs**)); Order Denying Defendant's Motion to Dismiss Indictment (**Order Denying Motion to Dismiss**).

On October 26, 2017, Truglio was indicted by grand jury with one count of Theft in the First Degree in violation of

---

[1] The Honorable Karen T. Nakasone presided.

Hawaii Revised Statutes (**HRS**) §§ 708-830(1) (2014),[2] and 708-830.5(1)(a) (2014).[3][4] On September 23, 2019, the Circuit Court found Truglio guilty of the lesser included offense of Theft in the Second Degree under HRS § 708-831(1)(b) (2014).[5] On February 6, 2020, Truglio was sentenced to four years of probation and ordered to make restitution payments to the Department of Human Services and John Cruz (**Cruz**).

Truglio raises three points of error on appeal, contending that: (1) the Circuit Court erred in denying Truglio's motion to dismiss; (2) the Circuit Court erred by failing to consider Truglio's authorized control over TuneCore funds; and (3) there was insufficient evidence to convict Truglio of Theft in the Second Degree.

---

[2]     HRS § 708-830 provides, in pertinent part:

> **§ 708-830  Theft.**  A person commits theft if the person does any of the following:
>      (1)   Obtains or exerts unauthorized control over property.  A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.

[3]     HRS § 708-830.5 provides, in pertinent part:

> **§ 708-830.5  Theft in the first degree**.  (1) A person commits the offense of theft in the first degree if the person commits theft:
>      (a)   Of property or services, the value of which exceeds $20,000[.]

[4]     Truglio was indicted on a second count, for which the Circuit Court entered a Judgment of Acquittal on May 3, 2019.

[5]     HRS § 708-831 provides, in pertinent part:

> **§ 708-831  Theft in the second degree**.  (1) A person commits the offense of theft in the second degree if the person commits theft:
>      (a)   Of property from the person of another;
>      (b)   Of property or services the value of which exceeds $300[.]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Truglio's points of error as follows:

(1) Truglio argues that the Circuit Court erred in denying his motion to dismiss the grand jury indictments on the grounds of prosecutorial misconduct. Truglio argues that the grand jury was misled because the State allowed Cruz to lie about Truglio's ownership interest in certain businesses and asked misleading questions about Truglio's ownership interests.

"In cases involving allegations of prosecutorial abuse or misconduct, this court has applied an abuse of discretion standard when reviewing a motion to dismiss an indictment." State v. Taylor, 126 Hawaiʻi 205, 214, 269 P.3d 740, 749 (2011). "The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." State v. Dequair, 136 Hawaiʻi 71, 84-85, 358 P.3d 43, 56-57 (2015) (quoting State v. Hinton, 120 Hawaiʻi 265, 273, 204 P.3d 484, 492 (2009)).

> In reviewing the sufficiency of the evidence to establish probable cause before the grand jury, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for that of the Grand Jury. The evidence to support an indictment need not be sufficient to support a conviction.

State v. Shaw, 150 Hawaiʻi 56, 61, 497 P.3d 71, 76 (2021) (citing Taylor, 126 Hawaiʻi at 215, 269 P.3d at 750).

Here, none of the Circuit Court's FOFs are specifically challenged on appeal and they state as follows:

1. This case was presented to the Grand Jury on October 26, 2017 through testimony of the Complainant [Cruz] and Special Agent John Thompson.

2. During the grand jury proceedings, [Cruz] testified that [Truglio] placed herself on the company's existing registration at the [Department of Commerce and Consumer Affairs (**DCCA**)] as an owner/manager of his business.

3. [Cruz] further testified that [Truglio] did this without his knowledge or consent.

4. [Cruz] further testified that the DCCA informed him that this unilateral change was not binding.

5. [Cruz] further testified that he terminated [Truglio] as his business manager in writing on June 3, 2013.

6. Special Agent John Thompson, the lead investigator on the case, testified that monies earned from [Cruz's] music sales at TuneCore were re-directed from his business bank account to [Truglio's] personal bank account on June 9, 2013.

7. Special Agent Thompson testified only that [Truglio] had access to this TuneCore account.

8. [Cruz] further testified that he and [Truglio] memorialized the termination of their business relationship via [an **Agreement**] effective July 31, 2013.

9. [Cruz] further testified that the [Agreement] terminated all interest that [Truglio] may have had in all of Cruz's music companies.

10. [Cruz] and Special Agent Thompson both testified that the monies taken by [Truglio] from the effective date of the [Agreement] (July 31, 2013) through August 17, 2015 exceeded $20,000.

[FOF 11 was deleted by the Circuit Court]

12. Special Agent John Thompson testified to correspondence between [Cruz], TuneCore, and [Truglio].

13. That correspondence indicated that TuneCore made a determination that [Cruz] was the rightful recipient of the royalty payments and redirected them accordingly.

14. That correspondence further indicated that [Truglio] inquired about the stoppage of TuneCore payments but made no further inquiry after TuneCore explained their reasoning.

(Record citations omitted).

Notwithstanding, as Truglio points out, questions and statements by members of the Grand Jury concerning Truglio's alleged ownership interests, the Grand Jury indicted Truglio.

"[U]nchallenged findings of fact are binding upon this court." State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (citation and internal quotation marks omitted).  In light of the unchallenged FOFs in this case, which are supported by the record in this case, we cannot conclude that the Circuit Court abused its discretion in concluding that Truglio failed to meet her burden of establishing prosecutorial misconduct in the grand jury proceedings.

(2)  Truglio contends that she maintained ownership over the TuneCore funds despite the Agreement because (1) she only entered the Agreement out of economic duress and (2) the Agreement is otherwise void because Cruz materially breached the Agreement by locking her out of certain email account.

In a criminal case, duress is an affirmative defense. See HRS § 702-231 (2014).[6]  A defendant has "the burden of going forward with the evidence to prove the facts constituting such defense" under a "preponderance of the evidence" standard.  HRS § 702-231(5).  A defendant must prove that (1) the defendant was coerced by another, (2) through "the use of, or a threat to use,

---

[6]    HRS § 702-231 provides, in pertinent part:

> **§ 702-231  Duress.**  (1) It is a defense to a penal charge that the defendant engaged in the conduct or caused the result alleged because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.
> . . . .
>      (5)  In prosecutions for any offense described in this Code, the defense asserted under this section shall constitute an affirmative defense.  The defendant shall have the burden of going forward with the evidence to prove the facts constituting such defense, unless such facts are supplied by the testimony of the prosecuting witness or circumstance in such testimony, and of proving such facts by a preponderance of the evidence pursuant to section 701-115.

unlawful force against the [defendant]," and (3) "a person of reasonable firmness" would not be able to resist such coercion. HRS § 702-231(1); State v. Ortiz, 93 Hawaiʻi 399, 406, 4 P.3d 533, 540 (App. 2000). The Circuit Court concluded that Truglio failed to meet this burden. Truglio makes no cogent argument to the contrary on appeal.

Truglio argues that because Cruz cut off her access to the company email, she believed her actions were authorized, as Cruz was obligated under the Agreement to continue her email access. Truglio cites no legal authority supporting this proposition as a defense to a charge of theft, but it appears that she contends that this alleged "material breach" of the Agreement should have created reasonable doubt by the trier-of-fact. Clearly, the trier-of-fact rejected this theory of defense. We conclude that Truglio has not established grounds for appellate relief based on Cruz's alleged breach of contract.

(3) Truglio argues that there was insufficient evidence to convict her of Theft in the Second Degree. We review the sufficiency of the evidence in the light most favorable to prosecution. See, e.g., State v. Jones, 148 Hawaiʻi 152, 166, 468 P.3d 166, 180 (2020). "A conviction of theft in the second degree pursuant to HRS § 708-831(1)(b) (2014) requires that the defendant intentionally or knowingly commit theft of property valued in excess of $300." State v. Means, 148 Hawaiʻi 212, 220, 468 P.3d 226, 234 (2020) (citation and internal quotation marks omitted).

Here, viewing the evidence in the light most favorable to the prosecution, there is ample evidence to support the conviction.

For these reasons, the Circuit Court's February 6, 2020 Second Amended Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 29, 2024.

On the briefs:

Jacob G. Delaplane,
for Defendant-Appellant.

Michelle M.L. Puu,
Deputy Attorney General,
Department of the Attorney
 General, State of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge