**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000234
22-DEC-2025
08:33 AM
Dkt. 72 SO**

NO. CAAP-23-0000234

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant/Cross-Appellee,
v.
KEOLA CABOS, Defendant-Appellee/Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000373)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant/Cross-Appellee State of Hawai'i

(**State**) appealed from the March 1, 2023 "Findings of Fact

[(**FOFs**)], Conclusions of Law [(**COLs**),] and Order Granting in

Part and Denying in Part [Defendant-Appellee/Cross-Appellant

Keola Cabos' (**Cabos**)] First Motion to Dismiss Indictment, Filed

on September 30, 2022" (**First Order**) entered by the Circuit

Court of the Second Circuit (**circuit court**).[1]  Cabos cross-appealed from the circuit court's March 1, 2023 "[FOFs], [COLs,] and Order Denying [Cabos'] Second Motion to Dismiss Indictment Filed on September 30, 2022" (**Second Order**).

On May 16, 2022, the State charged Cabos by Indictment with two counts of Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 712-1241(1)(b)(ii)(A), (1)(b)(i) (2014 & Supp. 2016).  Cabos pleaded not guilty, and, on September 30, 2022, Cabos filed two motions to dismiss the Indictment.  On March 1, 2023, the circuit court entered the First Order, granting Cabos' first motion to dismiss on the basis that the State's failure to include the definition of "continuing course of conduct" in the Indictment violated Cabos' right to due process under article I, section 14 of the Hawaiʻi Constitution.  The First Order dismissed the Indictment without prejudice.  On the same day, the circuit court also entered the Second Order, denying Cabos' second motion to dismiss, and rejecting Cabos' contention that the use of hearsay by the State during the grand jury proceedings was prejudicial to Cabos.

The State contends on appeal that the circuit court erred in granting in part Cabos' first motion to dismiss, and,

---

[1]     The Honorable Peter T. Cahill presided.

relatedly, that FOFs 9 and 10[2] are clearly erroneous, and COLs 11 and 12[3] are wrong.  Cabos contends on cross-appeal that the circuit court erred in denying Cabos' second motion to dismiss.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State and Cabos' points of error as follows:

(1) The State contends that the circuit court erred in dismissing the Indictment, without prejudice, because "Cabos was adequately informed of the nature of the charges against him." (Formatting altered.)  Cabos contends his constitutional right to due process was violated because "continuing course of conduct" was not defined in the Indictment.

---

[2]     FOFs 9 and 10 state,

> 9.     The State did not provide to the grand jury a definition of what standard that they are to use to determine an aggregate weight.

> 10.    The State did not specify in the Indictment what it meant by "continuing course of conduct."

[3]     COLs 11 and 12 state,

> 11.    In the context of this case, the failure of the Indictment to set forth the definition of the term "continuing course of conduct" violated Cabos's constitutional right to due process under article I, section 14 of the Hawaiʻi Constitution.  [State v.] Jardine, 151 Hawaiʻi [96,] 100, 508 P.2d [1182,] 1186 [2022].

> 12.    Within the context of this case, the State should have specified in the charging document what it means by continuing course of conduct.

The purpose of a charging document is "to safeguard an accused's fundamental right to know what they must defend against to avoid conviction." State v. Van Blyenburg, 152 Hawaiʻi 66, 74, 520 P.3d 264, 272 (2022). Pursuant to article I, sections 5 and 14 of the Hawaiʻi Constitution, "charging documents must include the elements of an offense and sufficiently describe the nature and cause of the accusation." State v. Aquino, 154 Hawaiʻi 388, 393, 550 P.3d 1246, 1251 (2024) (citation omitted). "Put differently, the sufficiency of the charging instrument is measured, inter alia, by whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet." Jardine, 151 Hawaiʻi at 100, 508 P.3d at 1186 (cleaned up).

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) (cleaned up).

The Indictment charged Cabos with a continuing course of conduct from March 1, 2018 through June 30, 2018 under HRS § 712-1241(1)(b):

> **Count One**: . . .
>
> That on or about the **period of March 1, 2018, through June 30, 2018, inclusive, in a continuing course of conduct**, in the County of Maui, State of Hawaii, [Cabos] **did knowingly distribute** one or more preparations, compounds, mixtures, or substances of **an aggregate weight of one-eighth ounce or more, containing methamphetamine** or any of its salts, isomers and salts of isomers, thereby committing the offense of Promoting a Dangerous Drug in the First Degree in violation of Section 712-1241(1)(b)(ii)(A) of the [HRS].
>
> . . . .
>
> **Count Two**: . . .
>
> That on or about the **period of March 1, 2018, through June 30, 2018, inclusive, in a continuing course of conduct**, in the County of Maui, State of Hawaii, [Cabos] **did knowingly distribute twenty-five (25) or more capsules, tablets**, ampules, dosage units, or syrettes **containing one or more dangerous drugs, to wit, oxycodone**, thereby committing the offense of Promoting a Dangerous Drug in the First Degree in violation of Section 712-1241(1)(b)(i) of the [HRS].

(Emphasis added.)  At the time Cabos was indicted, HRS § 712-1241(1)(b) stated, in relevant part,

> (1) A person commits the offense of promoting a dangerous drug in the first degree if the person **knowingly**:
>
> . . . .
>
>    (b)    **Distributes**:
>
>        (i)   **Twenty-five or more capsules, tablets,** ampules, dosage units, or syrettes containing one or more **dangerous drugs**; or
>
>       (ii)   One or more preparations, compounds, mixtures, or **substances of an aggregate weight of**:
>
>            (A)   **One-eighth ounce or more, containing methamphetamine**, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers[.]

(Emphasis added.)

When comparing the charged language in the Indictment to the statutory language of HRS § 712-1241(b), the Indictment contains all elements of the charged offense.

As to the specific term "continuing course of conduct," this term is not defined by statute or case law. Cabos thus maintains that the State was required to include in the Indictment the definition of "continuing conduct" set forth by the Hawaiʻi Supreme Court in State v. Decoite, 132 Hawaiʻi 436, 438, 323 P.3d 80, 82 (2014).

In State v. Shaw, the Hawaiʻi Supreme Court held a third-degree Computer Fraud indictment insufficient for not containing language that the defendant possessed the intent to commit third-degree theft "through a continuing course of conduct over the four-month period" set forth in the indictment. 150 Hawaiʻi 56, 63-64, 497 P.3d 71, 78-79 (2021). Because "the State aggregated the theft amounts from separate victims to reach the $250.00 threshold" for third-degree theft, the State was required to prove "multiple thefts committed pursuant to a common scheme or course of conduct because none of the individual thefts met the $250.00 statutory threshold." Id. The court held that "[an] indictment must allege that the defendant acted pursuant to a scheme or course of conduct" when the offense alleged is "based on an aggregation theory because scheme or course of conduct is an attendant circumstances

element that the State must prove." Id. The Shaw court did not state that any language beyond the attendant circumstances element of "continuing course of conduct" was required in an indictment where an aggregation theory is utilized.

It appears that the Hawai'i Supreme Court has used the term "continuing course of conduct" synonymously with "continuing conduct" and "continuous offense." "Continuous offense" is defined in Decoite as "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." Decoite, 132 Hawai'i at 438, 323 P.3d at 82 (cleaned up). We are unaware, however, of any case law that requires the charging document to provide the common law definition of "continuous offense" in a criminal indictment charging a "continuing course of conduct."

Thus, the failure to include a definition for "continuing course of conduct," "continuing conduct," or "continuous offense" did not render the Indictment insufficient.

Moreover, this court may "consider other information in addition to the charge that may have been provided to the defendant during the course of the case up until the time [the] defendant objected to the sufficiency of the charges against him." Wheeler, 121 Hawai'i at 396, 219 P.3d at 1183.

The record reflects that the parties stipulated into evidence the Maui Police Department "Incident/Investigation Report" (**Report**), which specified the dates and quantity of drugs for each alleged transaction.[4]  For the methamphetamine charge, the Report detailed three buys:

- March 29, 2018 - 0.60 grams

- April 27, 2018 - 3.10 grams

- June 15, 2018 - 2.65 grams[5]

For the oxycodone charge, the Report detailed five buys:

- March 23, 2018 - 15 Oxycodone 30 mg pills

- March 29, 2018 - 14 Oxycodone 30 mg pills

- April 24, 2018 - 15 Oxycodone 30 mg pills

- April 27, 2018 - 15 Oxycodone 30 mg pills

- June 15, 2018 - 8 Oxycodone 30 mg pills

Because any one transaction did not consist of the requisite amount of drugs under HRS § 712-1241(1)(b), the State needed to aggregate multiple transactions in order to reach the

---

[4]    The Report identified five "controlled buys" that allegedly occurred between March 23, 2018 and June 15, 2018, and specified the dosage units of Oxycodone and the weight of methamphetamine that Cabos allegedly distributed.  Cabos does not challenge the circuit court's finding that "a copy of the [Report] . . . had been provided to Cabos by the State," nor does he contend that the State failed to provide this discovery prior to his sufficiency challenge.

[5]    HRS § 712-1241(1)(b)(ii)(A) criminalizes knowingly distributing "[o]ne-eighth ounce or more, containing methamphetamine."  One ounce equals 28.35 grams.  See State v. Mattiello, 90 Hawai‘i 255, 257-58, 978 P.2d 693, 695-96 (1999); State v. Wallace, 80 Hawai‘i 382, 407, 910 P.2d 695, 720 (1996).

threshold amounts for Promoting a Dangerous Drug in the First Degree (25 or more tablets of Oxycodone or 1/8 ounce or more of crystal methamphetamine). And when reading the Indictment in conjunction with the Report, Cabos did have fair notice of the charges he faced, where the Indictment alleged each count as occurring "in a continuing course of conduct" within the date range corresponding to the dates in the Report.

We thus conclude the charging document adequately informed Cabos "of the nature and cause of the charge and each element." Aquino, 154 Hawai'i at 393, 550 P.3d at 1251 (cleaned up). The Indictment was sufficient, the circuit court's FOFs 9 and 10 were clearly erroneous, and the circuit court's COLs 11 and 12 were wrong. We therefore vacate the circuit court's First Order.

(2) We lack jurisdiction over Cabos' cross-appeal, which is taken from the circuit court's Second Order denying Cabos' second motion to dismiss the Indictment. Hawai'i Rules of Appellate Procedure Rule 4.1(a)(1) provides that "[i]f a timely notice of appeal is filed by a party, any other party may, if allowed by law, file a cross appeal." A criminal defendant may only appeal from a circuit court's judgment of conviction pursuant to HRS § 641-11 (2016), a certified interlocutory order pursuant to HRS § 641-17 (2016), or from an appealable order pursuant to the collateral order doctrine. See State v.

Kealaiki, 95 Hawaiʻi 309, 312, 316-17, 22 P.3d 588, 591, 595-96 (2001) (cleaned up).

Here, the circuit court has not entered a judgment of conviction, nor has it entered an order certifying Cabos' interlocutory appeal.  Moreover, Cabos' cross-appeal from the circuit court's order denying his second motion to dismiss is not an appealable collateral order.  See State v. Johnson, 96 Hawaiʻi 462, 470 n.12, 32 P.3d 106, 114 n.12 (App. 2001) ("Generally, the collateral order exception is applicable in criminal cases only upon a denial of pretrial motions to reduce bail, motions to dismiss based on double jeopardy grounds, and motions to dismiss under the Speech and Debate Clause.").

For the foregoing reasons, we vacate the circuit court's First Order, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, December 22, 2025.

On the briefs:

Richard B. Rost,
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellant/
Cross-Appellee.

Richard H.S. Sing,
for Defendant-Appellee/
Cross-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge