[No. 19940. Department One. July 28, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. RUSSELL E. MURIE, *Appellant.*[1]

[1] INDICTMENT AND INFORMATION (74)—DUPLICITY—SEVERAL MEANS OF COMMITTING SAME OFFENSE. It is not duplicitous to charge first degree burglary, within Rem. Comp. Stat., § 2579, by breaking or entering, with intent to commit a crime therein, (1) the dwelling house of a certain person, and (2) by breaking or entering the building or room of such person where property is stored; where but one house was mentioned and it was occupied as a dwelling house part of the time and part of the time for storing goods; since the information could charge the two ways in which the crime may have been committed.

[2] BURGLARY (3)—INFORMATION—SUFFICIENCY. Where it appears that the house broken into, and alleged to be both a dwelling and a house where property is stored, was not used as a dwelling house at the time of the burglary, the court properly limited the consideration of the jury to the charge of breaking and entering a building in which property was stored.

[3] CRIMINAL LAW (447)—APPEAL—HARMLESS ERROR—CROSS-EXAMINATION. In a prosecution for burglary, error cannot be assigned on improper cross-examination for the purpose of showing how

[1]Reported in 248 Pac. 79.

well the witness knew the accused, where the subject was abandoned upon objection and no prejudice appears.

[4] SAME (449)—APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE. Error cannot be assigned upon striking out an answer to a question, where the testimony desired by the appellant was admitted.

[5] WITNESSES (119)—IMPEACHMENT—INCONSISTENT STATEMENTS— LAYING FOUNDATION—NECESSITY. It is proper to exclude testimony offered that the witness had made statements contradicting his testimony, where no foundation was laid for his impeachment upon cross-examination.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 3, 1926, upon a trial and conviction of burglary. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellants.

*C. T. Roscoe, John C. Richards,* and *Charles R. Denney,* for respondent.

HOLCOMB, J.—Appellant was convicted and sentenced upon an information charging him with burglary in the second degree.

The charging part of the information is as follows:

"He, the said Russell E. Murie, in the county of Snohomish, state of Washington, on or about the 2nd day of January, 1926, did then and there, feloniously and unlawfully, enter the dwelling house of another, to-wit: the dwelling house of R. W. Green, situated in Snohomish county, state of Washington, with the intention then and there to commit a crime therein; then and there being, the said Russell E. Murie did feloniously and unlawfully break and enter a building of another, to-wit: a house owned by R. W. Green, wherein property was kept for use and deposit, situated in Snohomish county, State of Washington, with the intent then and there to commit a crime therein, . . ."

When the case was called for trial, appellant moved the court that the state be required to elect upon which state of facts set forth in the information it would proceed to trial, which motion was denied.

After conviction, appellant moved in arrest of judgment, and also for a new trial.

[1]   The first error claimed is that the information is duplicitous, and charges no crime at all, because, under the statute in force, it is required that the information state but one crime.

Section 2579, Rem. Comp. Stat. [P. C. § 8772], provides:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling-house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree. . . ."

Another statutory provision, § 2580, Rem. Comp. Stat. [P. C. § 8773], is as follows:

"Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in sections 2578 and 2579 shall be deemed to have broken and entered or entered the same with intent to commit a crime therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

The rule is well established in this state that, under our statutes, the same crime may be charged in any or all of the ways prescribed by statute that are not repugnant to each other. *State v. McBride,* 72 Wash. 390, 130 Pac. 486. One or all of the series of acts constituting the crime may be charged in the same indictment or in the same information, and constitute but one offense. *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014.

In the last cited case, we held that, where the statute defining a crime specified different ways in which it might be committed, connecting the same with the disjunctive "or," the information might charge the alternative means, connecting the same with the conjunction "and." That case was a prosecution for grand larceny alleged to have been committed in either of two different methods. It followed the language of the statute, however, as does the information in the present case. The statutes respecting such matters were there referred to and we there said:

"Section 2601 (Rem. & Bal. Code, P. C. 135, Sec. 695), being a section of the criminal code of 1909, defines the crime of larceny, and in its subdivisions specifies varying ways in which such crime may be committed. Giving consideration to the language of the statute, it appears that the legislature therein intended to define but one crime, that of larceny, and to state the different ways in which the crime might be committed.

"The information charges the crime with which the defendant is charged, with having been committed in two of the ways specified in the statute, (1) by color and aid of false and fraudulent representations, and (2) by a bailee or trustee. . . . The general rule is that, where a single offense may be committed in different ways or by different means, it may be charged in the information to have been committed by more than one of the ways or means, provided the ways or means charged be not repugnant to each other. In *State v. O'Neill,* 51 Kan. 651, 33 Pac. 287, 24 L. R. A. 555, it is said, quoting from Bishop's Criminal Procedure:

" 'We have seen that, if an offense may be committed by different means, and the pleader doubts which was employed in the particular instance, he may in one count charge its commission by all, and proof of any one will sustain the allegation. The limit to the doctrine is, that the means must not be repugnant.' "

We have applied this rule to a great variety of cases: See, *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Gaul,* 88 Wash. 295, 152 Pac. 1029; *State v. Wingard,* 92 Wash. 219, 158 Pac. 725; *State v. Klein,* 94 Wash. 212, 162 Pac. 52; *State v. Brummett,* 98 Wash. 182, 167 Pac. 120; *State v. Roberts,* 100 Wash. 493, 171 Pac. 225; *State v. Parker,* 114 Wash. 428, 195 Pac. 229; *State v. Hennessey,* 114 Wash. 351, 195 Pac. 211; *State v. Larson,* 120 Wash. 559, 207 Pac. 1052.

[2]    Nor is it necessary, in a prosecution for burglary under our statute, to allege what offense was intended by the accused to be committed in the premises at the time of the unlawful entry, as contended by appellant. *State v. Lewis,* 42 Wash. 672, 85 Pac. 668.

It developed during the trial that the house, alleged to have been burglarized, was not constantly occupied as a dwelling-house, but was used more as a summer residence. The court therefore limited the consideration of the jury to the allegation in the information, that appellant "did feloniously and unlawfully break and enter the building of another, to-wit: a house owned by R. W. Green, wherein property was kept for use and deposit, etc."

Under the evidence, this restriction of the trial court was correct. Under the law as applied to the facts in this case, appellant cannot be again prosecuted for the burglarious entry of the house in question.

While the information was somewhat inartificially drawn, we cannot say that it charged more than one crime and was duplicitous.

[3]    The next error claimed by appellant is in the allowance of the prosecution, by rulings of the court, to pursue a certain line of cross-examination of a certain witness, who had testified as to the general reputation of appellant as being a law-abiding citizen. The sec-

ond question asked by the state on cross-examination of this witness was: "You don't know what he was doing?" (referring to appellant and to his previous testimony that the witness had never been around with appellant at night), was objected to by appellant without any statement of the ground of his objection, and the attorney for the state then said he wished to show how well the witness knew appellant. The court overruled the objection, but said that this was not a question of how well the witness knew appellant, but a question of the general reputation of appellant. The attorney for the state abandoned any further cross-examination along that line, and there was nothing prejudicial to appellant in the cross-examination or the answers thereto, as far as they went.

[4] The next error is assigned upon the striking by the trial court of a certain answer given by the father of appellant, when testifying for appellant on direct examination. He had previously testified to the condition of a pane of glass in the window, which the evidence of the prosecution showed to have been the pane broken by appellant, by means of which he could reach inside and loosen the fastening of the window through which he could enter the house. He had testified that he had noticed no glass on the ground outside or on the floor inside of the broken window, and that the putty around where the pane had been removed was black and dirty. He was then asked by counsel for appellant what that would indicate. He answered that the pane had been broken out for some time. The state then objected to the last answer as a conclusion, and moved that it be stricken, which the court granted. It is apparent that the evidence appellant desired to be admitted was admitted, even though the answer to the last question asked the witness was

stricken. There was no prejudice to appellant in that ruling under the state of the record.

[5] The owner of the house in question was one Greene. On direct examination, he testified as to the condition of the window in question two or three weeks previous to the burglary. On cross-examination by appellant, his attention was directed to no conversation between him and the mother of appellant. The mother of appellant was put upon the stand and was asked by counsel for appellant whether she had talked with Greene, and whether Greene stated that the glass had been broken before the time in question. It is manifest that no foundation had been laid for contradiction or impeachment of the witness Greene, and the exclusion of this evidence by the trial court was not error. We know of no different rule applying to a prosecuting witness, as appellant claims Greene to have been, than to any other ordinary witness.

Shoemaker, the caretaker of the house, employed by Greene, also testified for the state, and no question was asked him as to whether he had any conversation with appellant concerning some one else having gone through the window at some previous time. When appellant was on the stand, his counsel asked whether Shoemaker had told him about anyone else being in the place by going through the window. Upon objection, the court sustained the objection after the witness had answered in the affirmative.

It was immaterial, in any event, whether someone else had gotten into the house through the window, for, if appellant even unfastened the fastening on the inside of the window sash, he was guilty of breaking, and upon going into the house was guilty of unlawful entry, but there was no foundation laid for the contradictory testimony as to such conversation between ap-

pellant and Shoemaker, and the objection was properly sustained in any event.

We find no error justifying a reversal of the verdict and judgment in the case, and the judgment is affirmed.

TOLMAN, C. J., BRIDGES, ASKREN, and FULLERTON, JJ., concur.