STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID K. MOTTA, also known as Bimbo, Defendant-Appellant

NO. 8380

(CRIMINAL NO. 55514)

JANUARY 27, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE CHANG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

Defendant-Appellant David Kalei Motta (Motta) appeals his jury conviction for burglary in the second degree. Motta's contention on appeal is that the grand jury indictment against him failed to allege the specific crime against a person or property which he intended to commit when entering the building. He argues that such an allegation is an essential element in charging the offense of burglary, and therefore, his conviction should be reversed.

At the outset, we decide that since Motta failed to raise any objection to the indictment until after trial, it must be liberally construed.[1] We are mindful that the failure of an indictment to state an offense is a fundamental defect which can be raised "at any time during the pendency of the proceeding" (HRPP Rule 12(b)(2)), but we choose to adopt the rule followed in most federal courts of liberally construing indictments challenged for the first time on appeal. *U.S.* v. *Coleman,* 656 F.2d 509, 510-11 (9th Cir. 1981); *U.S.* v. *Previte,* 648 F.2d 73, 80 (1st Cir. 1981); *U.S.* v. *Hart,* 640 F.2d 856, 857-58 (6th Cir.), *cert. denied,* 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981); *U.S.* v. *Pheaster,* 544 F.2d 353, 361 (9th Cir. 1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); *Kaneshiro* v. *U.S.,* 445 F.2d 1266, 1269 (9th Cir. 1971), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971); *U.S.* v. *Norman,* 391 F.2d 212, 213 (6th Cir. 1968); *U.S.* v. *Thompson,* 356 F.2d 216, 226 (2nd Cir.), *cert. denied,* 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1965); *Clay* v. *U.S.,* 326 F.2d 196, 198 (10th Cir. 1963). See also, 1 Wright, FEDERAL PRACTICE AND PROCEDURE, *Criminal,* § 123 at 354-55 (1982).

The Second Circuit has expressed this post-conviction liberal construction rule as follows:

---

[1] The grand jury indictment was filed on March 25, 1981. Motta pleaded not guilty to the indictment on April 6, 1981. Trial by jury was held on May 27-28, 1981 and the verdict of guilty was returned on May 28, 1981. Motta's objection to the indictment was raised for the first time on his Motion to Dismiss the Indictment, filed on August 5, 1981, more than two months after entry of the verdict.

Technically, a claim that the indictment does not charge an offense may be raised on a motion in arrest of judgment. . . . But the courts of the United States long ago withdrew their hospitality toward technical claims of invalidity of an indictment first raised after trial, absent a clear showing of substantial prejudice to the accused—such as a showing that the indictment is "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had."

*U.S.* v. *Thompson,* 356 F.2d at 226. The Ninth Circuit has said that

although such defects are never waived, indictments which are tardily challenged are liberally construed in favor of validity. . . . [W]hen an indictment is not challenged before the verdict, it is to be upheld on appeal if "'the necessary facts appear in any form or by fair construction can be found within the terms of the indictment.'"

*U.S.* v. *Pheaster,* 544 F.2d at 361, citing *Kaneshiro* v. *U.S.,* 445 F.2d at 1269, *quoting Hagner* v. *U.S.,* 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861 (1932). In similar vein, the Sixth Circuit has recently said that "unless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction unless the indictment cannot within reason be construed to charge a crime." *U.S.* v. *Hart,* 640 F.2d at 857-58. See also *U.S.* v. *Previte,* 648 F.2d at 80.

Our adoption of this liberal construction standard for post-conviction challenges to indictments means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime.

Although the Intermediate Court of Appeals in *State* v. *Tuua,* 3 Haw. App. 287, 294, 649 P.2d 1180, 1185-86 (1982), concluded that our decision in *State* v. *Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977), rejected the liberal rule in a situation where the alleged defect was raised for the first time after a conviction, we read *Jendrusch* as neither rejecting nor expressly adopting the liberal rule. In *Jendrusch* we held that a complaint for disorderly conduct was fatally defective because the charge only contained allegations that the defendant

intended to cause "public inconvenience, annoyance or alarm." We noted that an allegation of an "intent to cause *physical* inconvenience or alarm by a member or members of the public" is a necessary element. We found that the complaint "by any fair construction" was "constitutionally insufficient and therefore fatally defective" because we found no way to construe the charge as alleging either actual or threatened *physical* inconvenience or alarm. Using the language of these liberal construction cases we would still find that the charge in *Jendrusch* was "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had."

Analyzing Motta's indictment under the principles of liberal construction, we determine that Motta has not been prejudiced and that the indictment *can,* "within reason", be construed to charge the crime of burglary in the second degree.

The indictment against Motta reads as follows:

On or about the 10th day of July, 1980, . . . DAVID KALEI MOTTA, . . . did intentionally enter into or remain unlawfully in a building, to wit, Waiau Elementary School, . . . with intent to commit therein a crime against a person or property rights, thereby committing the offense of Burglary in the Second Degree in violation of Section 708-811 of the Hawaii Revised Statutes.

Motta argues that an allegation of the specific underlying crime is an essential element for an offense of burglary, and that since the indictment does not identify the particular offense he allegedly intended to commit inside the school, the indictment is fatally defective.

The State's view is that the statute under which Motta was indicted, HRS § 708-811, burglary in the second degree, requires only a generalized intent to commit a crime,[2] and that

---

[2] HRS § 708-811, burglary in the second degree, reads:

A person commits the offense of burglary in the second degree if he intentionally enters or remains unlawfully in a building *with intent to commit therein a crime against a person or property rights.*

(Emphasis added.)

since the indictment is drafted in substantially the same wording as the statute, the indictment is sufficient to state the offense of burglary in the second degree, even though the underlying offense was not specified.

Some jurisdictions agree with the State's view that where the statute for burglary requires only a general felonious or criminal intent, it is not necessary for the charging instrument to specify the crime the accused allegedly intended to commit. *Commonwealth* v. *Madison,* 263 Pa. Super. 206, 213, 397 A.2d 818, 822 (1979); *Commonwealth* v. *Wilks,* 250 Pa. Super. 182, 189, 378 A.2d 887, 890 (1977); *State* v. *Murie,* 140 Wash. 71, 248 P. 79, 80 (1926). The general rule, however, in most jurisdictions is that an indictment for burglary is defective when it fails to specify the particular ulterior crime intended, even when the required intent, as defined by statute, is simply the intent to commit "a felony" or "a crime." 13 AM. JUR.2d, *Burglary,* § 36, p. 341 (1964). At least 14 jurisdictions which have such statutes, and which have addressed this precise issue, have ruled that the failure to specify the underlying crime in a burglary indictment is such a fatal defect as to require reversal. *State* v. *Sanders,* 280 Or. 685, 572 P.2d 1307 (1977); *U.S.* v. *Thomas,* 444 F.2d 919 (D.C. Cir. 1971). Other jurisdictions, although recognizing the general view, take a more liberal approach when the failure of the indictment to specify the underlying crime is challenged *after* trial, and will uphold burglary convictions based upon such indictments, where there is no showing that the defendant was prejudiced by the failure of the indictment to specify the underlying offense. *State* v. *Adams,* 283 S.E.2d 582, 587-88 (S.C. 1981); *State* v. *Wilson,* 297 N.W.2d 477, 481-82 (S. D. 1980); *State* v. *Lora,* 213 Kan. 184, 515 P.2d 1086, 1090-92 (1973).

We decline to reject the general rule entirely, as the State urges, but we also decline to follow the strict view that Motta urges upon us. Instead, since Motta failed to raise any challenge to the indictment until after conviction, we choose to apply the flexible rule of liberal construction, as discussed above. Under this standard, we must liberally construe the indictment in favor of validity (*U.S.* v. *Pheaster,* 544 F.2d at 361) and uphold it, unless there is some showing of substantial prejudice to Motta, "such as . . . that the indictment is 'so

obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had.'" *U.S.* v. *Thompson,* 356 F.2d at 226.

Motta has shown no prejudice in the outcome of his trial from the failure of the indictment to specify the underlying offense, and we cannot find that the indictment is "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had", i.e. burglary in the second degree. Under HRS § 708-811, the offense of burglary in the second degree is completed by intentionally entering or remaining unlawfully in a building "with intent to commit therein a crime against a person or against property rights." A burglary conviction, therefore, can be based upon a showing of intent to commit *any* crime. A showing of intent to commit some particular crime is not required. Given that the indictment was phrased in the language of HRS § 708-811, we are, "within reason", able to construe the charge as stating the offense of burglary in the second degree, since the indictment does allege that Motta had the generalized statutory intent to commit "a crime against a person or against property rights" in Waiau Elementary School.

We emphasize that if the challenge had been raised in a timely fashion, we would not construe the indictment so liberally. Our adoption of this liberal construction standard is limited to construing indictments, when the issue is only raised *after* trial.[3]

---

[3] By adopting this liberal standard for post-trial challenges, we do not mean to condone or encourage the prosecutors in failing to take greater care expressly to include all the elements of the offense being charged. Fifteen minutes to an hour more *thought* and *effort* spent on the drafting of indictments, would save the prosecutor, as well as our crowded courts, *hours* of time having to deal with these vexatious challenges to carelessly drawn indictments.

Our adoption of this liberal standard should also put an end to what appears to be a pattern and practice on the part of the criminal defense bar, of waiting until after conviction before raising any objections to indictments.

Finding the indictment sufficient under these standards, we affirm.

*James D. Comack* (*Milton S. Tani* and *Alvin T. Sasaki* on the briefs), Deputy Public Defender, for appellant.

*Alexandra Kaan,* Deputy Prosecuting Attorney, for appellee.