**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000714**
**19-NOV-2021**
**07:49 AM**
**Dkt. 75 SO**

NO. CAAP-20-0000714

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GEORGE VAN BLYENBURG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0000902)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant George **Van Blyenburg** appeals from the **"Judgment** of Conviction and Sentence" entered by the Circuit Court of the First Circuit on October 28, 2020.[1] For the reasons explained below, we affirm the Judgment.

On August 6, 2016, a vehicle driven by Van Blyenburg struck and killed Brandon Kishida. On July 6, 2017, a grand jury indicted Van Blyenburg for Accidents Involving Death or Serious Bodily Injury in violation of Hawaii Revised Statutes (**HRS**) § 291C-12[2] (**Count 1**) and Negligent Homicide in the Second Degree

---

[1] The Honorable Fa'auuga L. To'oto'o presided.

[2] HRS § 291C-12 (2007) provided, in relevant part:

**Accidents involving death or serious bodily injury.** (a) The driver of any vehicle involved in an accident resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return
(continued...)

in violation of HRS § 707-703(1)(b)[3] (**Count 2**). Van Blyenburg pleaded not guilty.

Jury trial began on Tuesday, March 3, 2020, and continued on Wednesday. The State rested on Thursday. That afternoon, Van Blyenburg called his first witness. Trial was then recessed for the day.

On Friday morning, March 6, 2020, the State filed its "Amended Jury Instructions Requested by the State of Hawaiʻi[.]" Van Blyenburg testified in his own defense that afternoon.

On Monday, March 9, 2020, the circuit court instructed the jury. Counsel made their closing arguments. The jury returned a verdict that afternoon. Van Blyenburg was found guilty as charged on both counts.

On October 20, 2020, Van Blyenburg filed a motion to dismiss Counts 1 and 2 of the indictment based on insufficiency of the charges.[4] The motion was heard on October 28, 2020,

---

[2](...continued)
> to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. ***Every such stop shall be made without obstructing traffic more than is necessary.***

(Emphasis added.)

[3] HRS § 707-703 (2014) provides, in relevant part:

> **Negligent homicide in the second degree.** (1) A person commits the offense of negligent homicide in the second degree if that person causes the death of:
>
>> . . . .
>
>> (b) A vulnerable user by the operation of a vehicle in a manner that constitutes simple negligence as defined in section 707-704(2).

"Vulnerable user" includes "[a] pedestrian legally within a street or public highway[.]" HRS § 707-700 (Supp. 2015).

[4] "Due to the significant consequences associated with omitting an essential and material element in [a charge], an objection to this deficiency may be raised 'at any time during the pendency of the proceeding.'" State v. Sprattling, 99 Hawaiʻi 312, 318, 55 P.3d 276, 282 (2002) (citing State v. Motta, 66 Haw. 89, 90, 657 P.2d 1019, 1020 (1983)) (cleaned up); accord Rule 12(b)(2) of the Hawaiʻi Rules of Penal Procedure ("The following must be raised prior to trial: . . . (2) defenses and objections based on defects in the charge (***other than that it fails*** to show jurisdiction in the court or ***to charge an offense which objections shall be noticed by the court at any time***
(continued...)

before the scheduled sentencing hearing.  The circuit court orally denied the motion to dismiss.  Van Blyenburg was then sentenced to 10 years in prison on Count 1 and 5 years in prison on Count 2, to run concurrently.  On November 2, 2020, the circuit court entered its "Findings of Fact[], Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment[.]"  This appeal followed.

Van Blyenburg contends that the circuit court erred by denying his motion to dismiss because: **(1)** Count 1 "failed to charge, allege, or provide notice of the attendant circumstances element that '[e]very such stop shall be made without obstructing traffic more than is necessary[]'"; and **(2)** Count 2 "does not define and give notice as to the element of conduct of 'simple negligence,' which is defined under § 707-704(2) of the Hawaii Revised Statutes in four varying and separate ways[.]"

**1.   The circuit court did not err by denying the motion to dismiss Count 1.**

Count 1 of the indictment alleged, in relevant part:

> On or about August 6, 2016, in the City and County of Honolulu, State of Hawaiʻi, GEORGE VAN BLYENBURG, as the driver of a vehicle involved in an accident resulting in serious bodily injury to or death of Brandon Kishida, with intent, knowledge, or reckless disregard of the substantial and unjustifiable risk that he was such a driver, did intentionally, knowingly, or recklessly fail to immediately stop the vehicle at the scene of the accident or as close thereto as possible, and did intentionally, knowingly, or recklessly fail to forthwith return to and in every event remain at the scene of the accident . . . thereby committing the offense of Accidents Involving Death or Serious Bodily Injury, in violation of Section 291C-12 of the Hawaiʻi Revised Statutes.

Citing State v. Baker, 146 Hawaiʻi 299, 463 P.3d 956 (2020), Van Blyenburg argues that Count 1 was defective because it did not allege that he failed to stop his vehicle "without obstructing traffic more than is necessary."  Whether a charge sets forth all the essential elements of a charged offense is a question of law,

_____

⁴(...continued)
***during the pendency of the proceedings***[.])") (emphasis added).

which we review under the de novo, or right/wrong, standard. Baker, 146 Hawaiʻi at 305, 463 P.3d at 962.

The defendant in Baker was convicted of failure to stop at the scene of an accident involving vehicle damage, in violation of HRS § 291C-13.[5] The version of HRS § 291C-13 at issue in Baker stated, in relevant part:

> **Accidents involving damage to vehicle or property**. The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14. *Every such stop shall be made without obstructing traffic more than is necessary*.

Baker, 146 Hawaiʻi at 302 n.1, 463 P.3d at 959 n.1 (citing HRS § 291C-13 (Supp. 2008)) (emphasis added). The charge in Baker "did not include any reference to the language 'without obstructing traffic more than is necessary' or include language similar to it." Id. at 308, 463 P.3d at 965. The supreme court held that the charge "failed to give Baker proper notice of the elements of the offense with which she was charged[.]" Id.

Van Blyenburg challenges the following conclusions of law made by the circuit court:

> 2. As to Count 1 of the Indictment:
>
> . . . .
>
> e. Baker contains no indication that the decision should apply retroactively.[6]
>
> . . . .
>
> g. Given the foregoing, Baker is inapplicable to the instant case.

---

[5] The relevant provisions of HRS § 291C-13 substantially mirror those of HRS § 291C-12. State v. Armitage, No. CAAP-19-0000814, 2021 WL 4936967, at *2 (Haw. App. Oct. 22, 2021) (SDO).

[6] Baker was published on March 13, 2020, four days after the jury found Van Blyenburg guilty.

h.     As such, the Court finds Defendant's contention that Count 1 of the Indictment is defective to be without merit.

Conclusions of law are reviewed under the right/wrong standard.  State v. Alvarez, 138 Hawai'i 173, 181, 378 P.3d 889, 897 (2016).  The circuit court's conclusions of law were wrong. In Baker, after ruling that the charge was defective, the supreme court vacated Baker's conviction.  If the supreme court had intended that its decision have prospective effect only, it would not have vacated Baker's conviction.  Cf. State v. Jones, 148 Hawai'i 152, 174-76, 468 P.3d 166, 188-90 (2020) (applying a holding prospectively and not to the case at bar); State v. Torres, 144 Hawai'i 282, 292-95, 439 P.3d 234, 244-47 (2019) (same); State v. Jess, 117 Hawai'i 381, 404, 184 P.3d 133, 156 (2008) (same).

Although the circuit court's conclusion that Baker did not "apply retroactively" was wrong, the circuit court did not err by denying the motion to dismiss Count 1.[7]  In Baker the defendant challenged the sufficiency of the charge for the first time on appeal; accordingly, the supreme court applied the "liberal construction" standard in reviewing the charge.  146 Hawai'i at 308, 463 P.3d at 965.  In this case, Van Blyenburg challenged the sufficiency of the charge at the trial level. Accordingly, "in determining whether [Van Blyenburg] has been adequately informed of the charges against him, [we] can consider other information in addition to the charge that may have been provided to [him] during the course of the case up until the time [he] objected to the sufficiency of the charges against him." State v. Wheeler, 121 Hawai'i 383, 396, 219 P.3d 1170, 1183 (2009); State v. Treat, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984); see also State v. Hitchcock, 123 Hawai'i 369, 379, 235 P.3d 365, 375 (2010) (in case where defendant argued the charge was defective for the first time on appeal, supreme court

---

[7]     The circuit court's ruling "will not be disturbed on the ground that the circuit court gave the wrong reasons for the ruling." Flores v. Ballard, 149 Hawai'i 81, 88, 482 P.3d 544, 551 (App. 2021) (citation omitted).

"examine[d] the information provided or 'supplied' by the prosecution to Hitchcock prior to appeal.").

The State filed and served its amended requested jury instructions before Van Blyenburg testified at trial. State's amended instruction no. 1 stated:

> In Count 1, the Defendant, GEORGE VAN BLYENBURG, is charged with the offense of Accidents Involving Death or Serious Bodily Injury.
>
> A person commits the offense of Accidents Involving Death or Serious Bodily Injury if he intentionally, knowingly, or recklessly, as the driver of any vehicle involved in an accident resulting in serious bodily injury to, or death of, any person, did not immediately stop the vehicle at the scene of the accident, or as close thereto as possible and return to and remain at the scene of the accident, and fulfill the Duty to Give Information and Render Aid.
>
> There are four material elements of the offense of Accidents Involving Death or Serious Bodily Injury, each of which the prosecution must prove beyond a reasonable doubt.
>
> These four elements are:
>
> 1.    That on or about August 6, 2016, in the City and County of Honolulu, State of Hawaiʻi, the Defendant was the driver of a vehicle involved in an accident resulting in serious bodily injury to, or the death of, Brandon Kishida; and
>
> 2.    The Defendant failed to immediately stop his vehicle at the scene of the accident, or as close thereto as possible and return to and remain at the scene of the accident, ***provided that every stop shall be made without obstructing traffic more than necessary***; and
>
> 3.    The Defendant failed to fulfill the Duty to Give Information and Render Aid; and
>
> 4.    The Defendant acted intentionally, knowingly, or recklessly as to each of the foregoing elements.

(Emphasis added.)[8] When Van Blyenburg moved to dismiss Count 1, he had already been provided with information about the attendant circumstance element that "every stop shall be made without obstructing traffic more than necessary[.]" Because Van Blyenburg had been provided with information about the element missing from Count 1 of the indictment before he moved to dismiss

_____

[8]    This instruction was actually given to the jury.

the charge, the circuit court did not err by denying the motion. Treat, 67 Haw. at 120, 680 P.2d at 251.

### 2. The circuit court did not err by denying the motion to dismiss Count 2.

Count 2 of the indictment alleged:

> On or about August 6, 2016, in the City and County of Honolulu, State of Hawaiʻi, GEORGE VAN BLYENBURG did cause the death of Brandon Kishida, who was a vulnerable user, to wit, a pedestrian legally within a street or public highway, ***by the operation of a vehicle in a manner that constitutes simple negligence as defined in Section 707-704(2) of the Hawaiʻi Revised Statutes***, thereby committing the offense of Negligent Homicide in the Second Degree, in violation of Section 707-703(1)(b) of the Hawaiʻi Revised Statutes. In accordance with Section 264-1(a) of the Hawaiʻi Revised Statutes, "public highway" means all roads, alleys, streets, ways, lanes, bikeways, bridges, and all other real property highway related interests in the State, opened, laid out, subdivided, consolidated, and acquired and built by the government. In accordance with Section 291C-1 of the Hawaiʻi Revised Statutes, "street" means the entire width between boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

(Emphasis added.) Van Blyenburg argues that Count 2 "is defective in that it does not define and give notice as to the element of conduct of 'simple negligence,' which is defined under § 707-704(2) of the Hawaii Revised Statutes[.]"

HRS § 707-704 (2014) (negligent homicide in the third degree) provides, in relevant part:

> (2) "Simple negligence" as used in this section:
>
> (a) A person acts with simple negligence with respect to the person's conduct when the person should be aware of a risk that the person engages in that conduct.
>
> (b) A person acts with simple negligence with respect to attendant circumstances when the person should be aware of a risk that those circumstances exist.
>
> (c) A person acts with simple negligence with respect to a result of the person's conduct when the person should be aware of a risk that the person's conduct will cause that result.
>
> (d) A risk is within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of the person's conduct and the circumstances known to the person, involves a

deviation from the standard of care that a law-abiding person would observe in the same situation.

Van Blyenburg challenges the following conclusions of law made by the circuit court:

> 3. As to Count 2 of the Indictment:
>
> . . . .
>
> d. Terms with different statutory and common, everyday definitions only need to be defined in a charging document where the term is an element of the charge. See Baker, 146 Hawaiʻi at 308, 463 P.3d at 965 ("A complaint[] . . . cannot reasonably be construed to charge an offense . . . when the common definition ***of an element of an offense*** set forth in the charge does not comport with its statutory definition [and the charging document does not include the statutory definition.]") (emphasis added).
>
> e. Given the foregoing, "simple negligence" is not an element of Negligent Homicide in the Second Degree, H.R.S. § 707-703(1)(b).
>
> f. As such, the Court finds that "simple negligence" need not be defined in Count 2 of the Indictment.
>
> g. Thus, the Court further finds that Count 2 of the Indictment is sufficient.

Van Blyenburg relies on Wheeler, 121 Hawaiʻi at 393, 219 P.3d at 1180 (holding that failure to allege defendant was driving his vehicle "upon a public way, street, road, or highway" at time of offense rendered charge deficient); State v. Kauhane, 145 Hawaiʻi 362, 372, 452 P.3d 359, 369 (2019) (holding that charge, which did not include statutory definition of "obstructs," was deficient where statutory definition did not reflect commonly understood meaning of term); and State v. Pacquing, 139 Hawaiʻi 302, 308, 389 P.3d 897, 903 (2016) (holding that charge, which did not include statutory definition of "confidential personal information," was deficient where statutory definition was "not readily comprehensible to persons of common understanding[.]").

We need not decide whether the circuit court's conclusions of law were right or wrong. Although Count 2 of the indictment did not recite the statutory definition of "simple negligence," the State's original requested jury instructions, filed on May 22, 2018 (almost two years before the trial), and

the State's amended requested jury instructions (filed the morning before Van Blyenburg testified at trial) both contained the complete statutory definition of "simple negligence."[9] Because Van Blyenburg had been provided with the statutory definition of "simple negligence" missing from Count 2 of the indictment before he moved to dismiss the charge, the circuit court did not err by denying the motion.  State v. Armitage, No. CAAP-19-0000814, 2021 WL 4936967, at *6 (Haw. App. Oct. 22, 2021) (SDO) (holding that where State filed proposed jury instructions a month before trial that included statutory definition of "under the influence," defendant had ample notice of precisely what she must be prepared to meet at trial) (citing State v. Mita, 124 Hawaiʻi 385, 390, 245 P.3d 458, 463 (2010)); see also Wheeler, 121 Hawaiʻi at 391, 219 P.3d at 1178 (quoting State v. Wells, 78 Hawaiʻi 373, 379–80, 894 P.2d 70, 76–77 (1995)).

For the foregoing reasons, the "Judgment of Conviction and Sentence" entered by the circuit court on October 28, 2020, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 19, 2021.

On the brief:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[9]     The complete statutory definition of "simple negligence" was given to the jury.