**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000653
17-MAY-2022
08:01 AM
Dkt. 81 SO**

NO. CAAP-19-0000653

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RAY ALIWIS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO.  1DTC-19-039513)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Ray Aliwis (**Aliwis**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed August 22, 2019 (**Judgment**), in the District Court of the First Circuit (**District Court**),[1] convicting Aliwis of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1)(2)(c) and/or (a)(2), (c)(1).[2]

---

[1]   The Honorable Michelle Comeau presided.

[2]   HRS § 291E-62 (Supp. 2018) provides in part:

(a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted . . . shall operate or assume actual physical control of any vehicle:

(continued...)

On appeal, Aliwis raises five points of error:  (1) sufficiency of the charge, (2) admission of the Plaintiff-Appellee State of Hawaiʻi's (**State**) Exhibits 1-3,[3] (3) denial of Aliwis' Motion for Judgment of Acquittal (**MJOA**), (4) sufficiency of the evidence, and (5) failure to enter a finding that Aliwis' waiver of his right to testify was knowing and voluntary.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Aliwis' points of error as follows, and affirm.

---

[2](...continued)

    (1)    In violation of any restrictions placed on the person's license;

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked;

.  .  .  .

(c) Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

    (1)    For a first offense or any offense not preceded within a five-year period by conviction for an offense under this section . . .:

        (A)    A term of imprisonment of not less than three consecutive days but not more than thirty days;

        (B)    A fine of not less than $250 but not more than $1,000;

        (C)    Revocation of license and privilege to operate a vehicle for an additional year; and

        (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

[3]    Aliwis challenged State's Exhibits 1 and 2 in his Points of Error section of his Opening Brief, but the header in the argument section challenges the admission of State's Exhibits 2 and 3.  We address all three exhibits.

**(1)** "[C]harges which are tardily challenged after conviction are liberally construed in favor of validity." State v. Elliott, 77 Hawaiʻi 309, 311, 884 P.2d 372, 374 (1994) (brackets, quotations, and block quote formatting omitted). "Our adoption of this liberal construction standard for post-conviction challenges to indictments means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." State v. Motta, 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983). Aliwis did not challenge the sufficiency of the charge below. Aliwis does not assert or show any prejudice caused by the State's allegedly defective charge. Aliwis' first contention is without merit.

**(2)** Aliwis challenges the admission of State's Exhibits 1, 2, and 3 as being irrelevant because there is no evidence linking the exhibits to him; his statement of the points of error also mentions, but his brief makes no discernible argument about, hearsay. "A trial court's determination that evidence is 'relevant' within the meaning of [Hawaii Rules of Evidence (HRE)] Rule 401 is reviewed under the right/wrong standard of review." State v. Wagner, 139 Hawaiʻi 475, 480, 394 P.3d 705, 710 (2017) (citation and block quote formatting omitted). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE Rule 401 (2016). Here, the three exhibits admitted -- (1) a certified traffic abstract (**Traffic Abstract**); (2) a certified ADLRO Notice of Administrative Review Decision (**ADLRO Decision**); and (3) a ADLRO Notice of Administrative Revocation (**NOAR**)[4] -- all relate to

[4] As to Exhibit 3, the NOAR, the District Court limited its admission into evidence, stating: "I'm not going to consider this document . . . for the truth of any matters asserted."

Aliwis' prior OVUII charge and, thus, make the fact that Aliwis committed OVLPSR-OVUII more probable than without them.

Moreover, contrary to Aliwis' assertions, the exhibits were linked to Aliwis by more than his name alone. Exhibit 3 contains the same birth year and last four digits of Aliwis' social security number (**SSN**) as reflected in Exhibit 1. Additionally, Exhibits 1, 2, and 3 contain the same police report number and date of arrest. The matching information in Exhibit 3 was sufficient to link all of the exhibits to Aliwis. See State v. Kam, 134 Hawaiʻi 280, 288-89, 339 P.3d 1081, 1089-90 (App. 2014) (holding that "matches" in various exhibits containing defendant's name, address, date of birth, and last four digits of SSN constituted sufficient evidence of a prior OVUII conviction).

**(3) and (4)** The standard applied when assessing a ruling on an MJOA is: "whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the jury, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Alston, 75 Haw. 517, 528, 865 P.2d 157, 164 (1994) (citations omitted). Sufficiency of evidence to support a conviction is measured by viewing the evidence in the light most favorable to the prosecution, to determine "whether there was substantial evidence to support the conclusion of the trier of fact." State v. Young, 93 Hawaiʻi 224, 230, 999 P.2d 230, 236 (2000).

Aliwis premised his MJOA on two grounds: (a) without a license, the State could not prove the prior revocation of a "non-existent license" element of OVLSR-OVUII, and (b) without proof that Aliwis received the ADLRO Decision, the State could not establish the requisite "intentional, knowing, or reckless" intent. Aliwis' challenge to the sufficiency of evidence to support his conviction incorporates the same arguments.

Aliwis' arguments are without merit. First, Aliwis' failure to have a driver's license during his arrests for OVUII and OVLSR-OVUII does not insulate him from prosecution. See HRS

§ 291E-61 (Supp. 2018) (applying to any person operating or assuming physical control of a vehicle); HRS § 291E-62 (applying to any person whose "license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted"); HRS § 291E-1 (2020) (defining "license" to include "[t]he eligibility, including future eligibility, of any person to apply for a license or privilege to operate a motor vehicle"); see also State v. Alesana, NO. CAAP-19-0000612, 2021 WL 1694869, at *4 (App. Apr. 29, 2021) (SDO), cert. denied, SCWC-19-0000612, 2021 WL 3834174 (Haw. Aug. 23, 2021) (affirming conviction where the defendant "consciously disregarded a substantial and unjustifiable risk that his license was revoked when he operated a moped and was stopped by [the officer], even if there was no proof that [the defendant] actually received a copy of the Notice of Administrative Review Decision"); State v. Rios, No. CAAP-19-0000718, 2021 WL 964862, at *2 (App. Mar. 15, 2021) (SDO), cert denied, SCWC-19-0000718, 2021 WL 1996465 (Haw. May 18, 2021) (affirming trial court's finding that the defendant consciously disregarded a substantial and unjustifiable risk that his license was revoked when he drove his car months later, and that there was sufficient evidence to support the conviction for OVUII).

Second, the absence of proof that Aliwis received the ADLRO Decision did not preclude conviction because a reasonable mind might still fairly conclude guilt beyond a reasonable doubt based on recklessness. See Alesana, 2021 WL 1694869, at *4; Rios, 2021 WL 964862, at *2. "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702-204 (2014). HRS § 291E-62 does not specify a state of mind, therefore, the State must prove Aliwis acted intentionally, knowingly, or recklessly, with respect to operating or assuming actual physical control of a vehicle while his license was

5

suspended or revoked.  State v. Nesmith, 127 Hawaiʻi 48, 53-54, 276 P.3d 617, 622-23 (2012) (holding that HRS § 702-204 applies to HRS § 291E-61).  "A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature."  HRS § 702-206(3)(a) (2014).

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient."  State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (block quote, brackets, ellipses, citation & internal quotation marks omitted).  "Thus, the mind of alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  Id. (block quotes, citation & internal quotation marks omitted).

Here, Aliwis was arrested for OVUII, an officer read Aliwis the NOAR, and Aliwis signed the NOAR.  The NOAR informed Aliwis that a decision as to whether his license and privilege to operate a vehicle would be revoked would be mailed to him no later than eight days after the NOAR.  Despite this notice, three months after the OVUII arrest, Aliwis operated a vehicle and was cited for OVLSR-OVUII.  In light of the foregoing, for the MJOA, "a reasonable mind might fairly conclude guilt beyond a reasonable doubt."  Alston, 75 Haw. at 528, 865 P.2d at 164. Similarly, viewed in the light most favorable to the State, the record reflects substantial evidence to support Aliwis' conviction.  See Young, 93 Hawaiʻi at 230, 999 P.2d at 236.

**(5)** "The validity of a criminal defendant's waiver of the right to testify is a question of constitutional law reviewed by [the appellate courts] under the right/wrong standard."  State v. Eduwensuyi, 141 Hawaiʻi 328, 332, 409 P.3d 732, 736 (2018) (citation omitted).

Tachibana requires that "trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." Tachibana v. State, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995). The purpose of the on-the-record waiver is to "ensure that [defendant] was aware of [the] right to testify and that [he or she] knowingly and voluntarily waived that right." Id. at 237, 900 P.2d at 1304. The advisement includes the following two components:

> The first is informing the defendant of fundamental principles pertaining to the right to testify and the right not to testify. We stated that this advisement should consist of the following information:
>
> > that he [or she] has a right to testify, that if he [or she] wants to testify that no one can prevent him [or her] from doing so, [and] that if he [or she] testifies the prosecution will be allowed to cross-examine him [or her]. In connection with the privilege against self-incrimination, the defendant should also be advised that he [or she] has a right not to testify and that if he [or she] does not testify then the jury can be instructed about that right.
>
> The second component of the Tachibana colloquy involves the court engaging in a true "colloquy" with the defendant. This portion of the colloquy consists of a verbal exchange between the judge and the defendant "in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights."

State v. Celestine, 142 Hawaiʻi 165, 170, 415 P.3d 907, 912 (2018) (citations omitted). No precedent requires the District Court to make a specific finding that a defendant knowingly and intelligently waived his or her right to testify, as urged by Aliwis. Instead, courts look to the record to determine whether a defendant knowingly, intelligently, and voluntarily waived their right to testify.

> Appellate review of the sufficiency of the Tachibana colloquy is necessarily based on a cold record. We are tasked with scrutinizing the language used by both the court and the defendant to assess whether a defendant knowingly, intelligently, and voluntarily waived his or her right to testify. That task cannot be accomplished were we to defer

> to the trial court's apparent assessment of the defendant's understanding whenever the express language on the record leaves us with any doubt about the validity of the colloquy and/or the defendant's waiver.

State v. Pomroy, 132 Hawai‘i 85, 93 n.7, 319 P.3d 1093, 1101 n.7 (2014). Here, the record reflects that the District Court engaged in the appropriate colloquy and obtained the on-the-record waiver.

For the foregoing reasons, the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed August 22, 2019, in the District Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai‘i, May 17, 2022.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Walter R. Schoettle
for Defendant-Appellant                 /s/ Keith K. Hiraoka
                                        Associate Judge
Chad M. Kumagai
Deputy Prosecuting Attorney             /s/ Karen T. Nakasone
for Plaintiff-Appellee                  Associate Judge