**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000698
13-JUN-2025
07:50 AM
Dkt. 105 SO

NO. CAAP-22-0000698

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
CURTIS RYAN BEKKUM, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000240)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Curtis Bekkum (**Bekkum**) appeals from the November 3, 2022 Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawai‘i (**State**) initially charged Bekkum via a Complaint filed on September 20, 2019 (**2019 Complaint**) with two counts of Sexual Assault in the Fourth Degree (**Sexual Assault Fourth**) in violation of Hawaii Revised Statutes (**HRS**) § 707-733(1)(a) (Supp. 2016).[2] The 2019 Complaint alleged the two counts as follows:

---

[1]   The Honorable Peter T. Cahill presided.

[2]   As discussed *infra*, we take judicial notice of the records in case numbers 2DCW-19-0001996, 2CPC-20-0000077, and 2DCW-22-0000197.

COUNT ONE:

>      That on or about the 29th day of September, 2017, in the Division of Wailuku, County of Maui, State of Hawaii, CURTIS RYAN BEKKUM did knowingly subject [LA] [(**CW**)], a person not married to him, to sexual contact by compulsion and/or cause her to have sexual contact with him by compulsion, to wit, by touching and/or grabbing her breast, thereby committing the offense of Sexual Assault in the Fourth Degree in violation of Section 707-733(1)(a) of the Hawaii Revised Statutes.

COUNT TWO:

>      That on or about the 30th day of September, 2017, in the Division of Wailuku, County of Maui, State of Hawaii, CURTIS RYAN BEKKUM did knowingly subject [CW], a person not married to him, to sexual contact by compulsion and/or cause her to have sexual contact with him by compulsion, to wit, by touching and/or pressing against her buttocks with his penis, thereby committing the offense of Sexual Assault in the Fourth Degree in violation of Section 707-733 (1)(a) of the Hawaii Revised Statutes.

The charges against Bekkum were committed to the Circuit Court in 2CPC-20-0000077.  On January 19, 2022, Bekkum moved to dismiss the 2019 Complaint arguing that because the complaint was not signed by the complaining witness (**CW**), it was fatally defective.  The Circuit Court heard arguments and orally granted the motion to dismiss on February 10, 2022.  The Circuit Court entered an order granting the motion to dismiss without prejudice on February 23, 2022.

On February 10, 2022, the same day the Circuit Court orally granted the motion to dismiss the 2019 Complaint, the State filed a new complaint (**2022 Complaint**), alleging the same two counts as in the 2019 Complaint.  The case was committed to the Circuit Court in 2CPC-22-0000240.  A jury trial was held and Bekkum was found guilty on both counts of Sexual Assault Fourth. A motion for new trial was filed, and after hearings held on multiple days, the motion was denied.  Judgment was entered on November 3, 2022, and Bekkum timely appealed.

Bekkum raises seven points of error on appeal, arguing that: (1) the Circuit Court plainly erred in failing to enter judgment of acquittal; (2) the Circuit Court plainly erred in failing to provide a jury instruction regarding the State's burden of proving timeliness beyond a reasonable doubt; (3) the Complaint is fatally defective; (4) the Circuit Court reversibly erred in failing to instruct the jury to disregard certain hearsay testimony that was stricken and in admitting certain hearsay evidence; (5) Bekkum's due process rights were violated due to numerous instances of prosecutorial misconduct; (6) Bekkum's trial counsel provided ineffective assistance of counsel; and (7) the Circuit Court abused its discretion when it orally denied Bekkum's Motion for New Trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Bekkum's points of error as follows:

(1) Bekkum argues that the Circuit Court plainly erred in failing to enter a judgment of acquittal because the evidence was insufficient to sustain his convictions due to the State failing to prove that the instant prosecution was timely.

Under HRS § 701-114 (2014), no person may be convicted of an offense unless, *inter alia*, facts establishing that the offense was committed within the time period specified in HRS § 701-108 (2014) are proved beyond a reasonable doubt. A prosecution for Sexual Assault Fourth, a misdemeanor, must be commenced within two years after it is committed. See HRS § 701-108(2)(e). The period of limitation does not run during any time

3

when a prosecution against the accused for the same conduct is pending. HRS § 701-108(6)(b).

The State argues that the prosecution of the instant case was not untimely because the statute of limitations was tolled by operation of HRS § 701-108(6). The State requests that this court take judicial notice of the record in 2DCW-19-0001996, 2CPC-20-0000077, and 2DCW-22-0000197, specifically (1) that the 2019 Complaint was filed on September 20, 2019, in 2DCW-19-0001996, (2) that the 2019 Complaint was then dismissed without prejudice on February 10, 2022, in case number 2CPC-20-0000077, and (3) that the 2022 Complaint alleging the same conduct as alleged in the 2019 complaint was filed on February 10, 2022 in 2DCW-22-0000197.[3] We first address the State's request for judicial notice.

A court is mandated to take judicial notice when a party (1) requests the court to take judicial notice, and (2) provides enough information to establish that the fact is either generally known or capable of accurate and ready determination. State v. Kwong, 149 Hawaiʻi 106, 113, 482 P.3d 1067, 1074 (2021) (citations omitted); Hawaii Rules of Evidence (**HRE**) Rule 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). The Hawaiʻi Supreme Court "has validated the practice of taking judicial notice of a

---

[3] The State also requests that we take judicial notice of the February 3, 2022 State's Memorandum in Opposition to [Bekkum's] Motion to Dismiss for the fact that the State put Bekkum on notice that the 2019 Complaint tolled the statute of limitations and that there would be nine days to re-file a new complaint upon dismissal of the 2019 Complaint. We decline to do so. Factual allegations, conclusions, and findings authored by the parties or their attorneys should not be noticed to prove the truth of the matters asserted, even though the material happens to be contained in court records. Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019).

court's own records in an interrelated proceeding where the parties are the same." State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985). For example, the supreme court has held that the ICA was required to take judicial notice of filings made in another appeal upon a party's request because the filings in the other appeal were included in the ICA's electronic records through the Judiciary Information Management System, and the parties in the two appeals were the same. Oahu Publ'ns, Inc. v. Abercrombie, 134 Hawaiʻi 16, 20 n.3, 332 P.3d 159, 163 n.3 (2014).

Bekkum argues that judicial notice should not be taken here because the issue of whether the instant prosecution was timely is "highly debatable and not easily verifiable," and taking judicial notice of the content of court records does not in and of itself prove that a tolling of a statute of limitations has occurred as a matter of fact or law. However, Bekkum does not dispute the accuracy of the filing dates for the 2019 Complaint, the 2CPC-20-0000077 dismissal, and the 2022 Complaint. Because these filing dates are not in dispute, nor can their accuracy be reasonably questioned, we grant the State's request to judicially notice the 2019 Complaint, the dismissal without prejudice of the 2019 Complaint, and the 2022 Complaint.

The Complaints alleged and the State adduced evidence that the charged incidents took place on September 29 and 30, 2017. The expiration of the two-year statute of limitations for these offenses would have been September 29 and 30, 2019. See HRS § 701-108(2)(e). The 2019 Complaint was timely commenced because the 2019 Complaint was filed on September 20, 2019, nine

days before the expiration of the statute of limitations. See HRS § 701-108(5). The limitations period was tolled while the 2DCW-19-0001996 case and then the 2CPC-20-0000077 case proceeded. See HRS § 701-108(6)(b). The Circuit Court orally dismissed the 2019 Complaint without prejudice, and the State re-filed the 2022 Complaint on the same day, February 10, 2022. Therefore, the Circuit Court did not plainly err in failing to enter a judgment of acquittal on the grounds that the prosecution was untimely.

(2) Bekkum also argues that the Circuit Court plainly erred in failing to instruct the jury that the State must prove timeliness beyond a reasonable doubt. "[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection is made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt." State v. Abdon, 137 Hawaiʻi 19, 29-30, 364 P.3d 917, 927-28 (2016) (quoting State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006)). Failure to instruct on timeliness is harmless beyond a reasonable doubt when the record contains sufficient evidence that the prosecution was timely commenced. Id. at 30, 364 P.3d at 928. Here, the Circuit Court failed to instruct the jury that the State must prove timeliness beyond a reasonable doubt. However, as discussed *supra*, the record, as in Abdon, contains undisputed evidence regarding the timeliness of the prosecution. Therefore, we conclude that the Circuit Court's instructional error was harmless beyond a reasonable doubt.

6

(3)   Bekkum argues that the 2022 Complaint was fatally defective because it failed to allege that the instant prosecution was timely, and it failed to define the statutory term "compulsion."  Bekkum does not point to, nor could we find, where in the record Bekkum challenged the sufficiency of the 2022 Complaint on these bases.

> [W]hen a defendant challenges the sufficiency of a charge for the first time on appeal, an appellate court will apply a more liberal standard of review, called the Motta/Wells rule.  See, e.g., State v. Merino, 81 Hawaiʻi 198, 213, 915 P.2d 672, 687 (1996) (explaining that the Motta/Wells rule applies to challenges to oral charges, informations, and complaints raised for the first time on appeal).  Under the Motta/Wells rule, charges challenged for the first time on appeal are presumed valid. [State v. Wheeler, 121 Hawaiʻi 383, 399-400, 219 P.3d 1170, 1186-87 (2009).]  Accordingly, we will only vacate a defendant's conviction under this standard if the defendant can show: (1) that the charge cannot reasonably be construed to allege a crime; or (2) that the defendant was prejudiced.  State v. Motta, 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983).

State v. Kauhane, 145 Hawaiʻi 362, 370, 452 P.3d 359, 367 (2019) (cleaned up).

Because Bekkum raises these arguments challenging the sufficiency of the 2022 Complaint for the first time on appeal, the Motta/Wells rule is applicable.  Under the Motta/Wells rule, a charge will only be adequate when it provides the accused with fair notice of the offense's essential elements, which are conduct, attendant circumstances, and results of conduct.  Id. at 370, 452 P.3d at 367 (citing State v. Sprattling, 99 Hawaiʻi 312, 329 n.6, 55 P.3d 276, 293 n.6 (2002)).  "Where a statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute will

7

be sufficient." Id. (quoting State v. Nesmith, 127 Hawaiʻi 48, 53, 276 P.3d 617, 622 (2012)) (cleaned up).

Regarding the complaint's failure to allege timeliness, timeliness is not an essential element of the Sexual Assault Fourth offense because timeliness is not included as an essential element of Sexual Assault Fourth in HRS § 707-733. Bekkum also does not allege that he was prejudiced by the lack of such language in the complaint. Accordingly, Bekkum's argument that the 2022 complaint was fatally defective due to the failure to allege timeliness lacks merit.

Bekkum further argues that complaint was defective due to the failure to provide the statutory definition of "compulsion." This court has previously addressed whether the statutory definition of "compulsion" comports with its common meaning. State v. Aledo, No. CAAP-16-0000470, 2019 WL 6127474, *3-4 (Haw. App. Nov. 18, 2019) (SDO). As we concluded in Aledo, the dictionary definitions of "compulsion" did not rise to the level of specificity of the definition of "compulsion" in HRS § 707-700 (2014). Id. at *4. The failure to include the statutory definition of "compulsion" failed to provide the defendant with fair notice of the charges. Id. Here, the complaint did not include the statutory definition of "compulsion." Therefore, we conclude that the complaint did not give fair notice of an essential element of the charged offenses and was therefore insufficient. See id. at *3-4.

Accordingly, we vacate and remand the case to the Circuit Court with instructions to dismiss the case without prejudice. See, e.g., Kauhane, 145 Hawaiʻi at 374, 452 P.3d at 371.

(4-7)   In light of our decision to vacate and remand the case to the Circuit Court to be dismissed without prejudice based on the insufficiency of the 2022 Complaint, we need not reach the other points of error Bekkum raises on appeal.[4]  See, e.g., State v. Borochov, 86 Hawaiʻi 183, 193-94, 948 P.2d 604, 614-15 (App. 1997) (declining to reach other points of error where appellate court decided to vacate and remand case based on insufficient complaint); State v. Cummings, 101 Hawaiʻi 139, 145, 63 P.3d 1109, 1115 (2003), overruled on other grounds by Schwartz v. State, 136 Hawaiʻi 258, 361 P.3d 1161 (2015) (declining to address other points of error because determination that complaint was insufficient was dispositive of the appeal); State v. Saffeels, No. CAAP-23-0000197, 2024 WL 773572, *2 (Haw. App. Feb. 6, 2024) (SDO) (declining to reach second point of error upon decision to vacate and remand case for dismissal with or without prejudice).

---

[4]   If Bekkum is re-tried, Bekkum will have the opportunity to present whichever witnesses, as well as object to the admission of the testimonies, evidence, and prosecutor remarks, that serve as the basis for his other points of error, including the claim of ineffective assistance of counsel from his prior trial counsel.

For these reasons, the Circuit Court's November 3, 2022 Judgment is vacated and this case is remanded to the Circuit Court for dismissal without prejudice.

DATED:  Honolulu, Hawaiʻi, June 13, 2025.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Hayden Aluli,<br>for Defendant-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |
| Richard Rost,<br>Deputy Prosecuting Attorney,<br>County of Maui,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |